HUBERT HERMANOS, APELANTES, *v.* EL PUEBLO ET AL., APELADOS.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 888.—Resuelto en junio 27, 1913.

ACCIÓN REIVINDICARORIA CONTRA EL PUEBLO DE PUERTO RICO—CONSENTIMIENTO PARA SER DEMANDADO—JURISDICCIÓN.—Esta acción reivindicatoria ha sido

entablada contra El Pueblo de Puerto Rico y Wenceslao Borda, como arren-
datario de los terrenos del Caño de Tiburones, sin que El Pueblo haya pres-
tado su consentimiento para ser demandado.    Durante la pendencia de esta
apelación la Corte Suprema de los Estados Unidos ha sentado la doctrina
en el caso de *Rosaly* v. *El Pueblo de Puerto Rico*, 227 U. S., 270, de que
El Pueblo de Puerto Rico no puede ser demandado sin su consentimiento.
Se resolvió que de acuerdo con dicha doctrina ni la corte sentenciadora ni
esta corte en grado de apelación tienen jurisdicción para conocer del caso,
y, por tanto, son nulos los procedimientos habidos, sin que pueda resolverse
el caso por sus méritos en cuanto al demandado Borda, por cuanto la parte
verdaderamente interesada en el litigio es El Pueblo de Puerto Rico, y cual-
quier resolución que pudiera dictarse contra Borda tendría que afectar al
otro demandado.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Alvarez Nava y Domín-guez.*

Abogados de los apelados: *Sres. Wolcott H. Pitkin, Jr., Attorney General de Puerto Rico, y J. Henry Brown.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de recurso de apelación interpuesto por Rubert Hermanos contra sentencia que dictó la Corte de Distrito de Arecibo en 29 de agosto del año 1911, declarando sin lugar la demanda que originó el juicio, en todos sus partes y sin especial condenación de costas.

La demanda primitiva fué presentada por Rubert Hermanos contra El Pueblo de Puerto Rico y Wenceslao Borda en 9 de noviembre de 1909, para reivindicar el dominio de cierta parcela de terreno y obtener la suma de $8,000 en concepto de indemnización de perjuicios y después de haber sido contestada fué enmendada en 4 de abril de 1911, dirigiéndose la acción contra El Pueblo de Puerto Rico, Wenceslao Borda, Henry M. Hoyt y Lawrence H. Grahame, pero después se hicieron en ella varias eliminaciones por orden de la corte de 18 de mayo siguiente, bajo cuya orden quedaron fijadas definitivamente las alegaciones de la demandante que habían de servir de base a la acción ejercitada.

Dicha demanda enmendada además de las alegaciones relativas al dominio que se reclamaba de una parcela de terreno

como de 230 cuerdas, contiene las siguientes que transcribimos a continuación:

"*Décimo*. Que hacia el mes de diciembre de 1908, El Pueblo de Puerto Rico, uno de los demandados, por medio del otro demandado, Laurence H. Grahame, entonces Comisionado del Interior, auxiliado por el otro demandado, Henry M. Hoyt, entonces Attorney General de Puerto Rico, el Fiscal de la Corte de Distrito Judicial de Arecibo, el Ingeniero del citado Departamento del Interior, y fuerza de la Policía Insular y con la cooperación del otro demandado Don Wenceslao Borda, sin autorización ni consentimiento de Rubert Hermanos, extralimitándose en sus facultades y atribuciones que como Comisionado del Interior el demandado Lawrence H. Grahame, y como Attorney General el otro demandado Henry M. Hoyt, tenían respectivamente; y asimismo sin autorización de persona que debidamente representara a los demandantes señores Rubert Hermanos, antes bien contra la expresada y reiterada voluntad de aquéllos, sin decisión judicial alguna, ni válida orden de nadie, ni apoyándose los demandados Hoyt y Grahame en precepto legal, alguno, ni por delegación legítima del Pueblo de Puerto Rico, colocaron o hicieron colocar en la hacienda de 'Las Lizas' una empalizada que, partiendo del oeste, va en línea quebrada hasta el este, divide la finca en dos, una al norte de la otra, habiéndose desposeído de la septentrional a Rubert Hermanos y entregaron dicha porción al demandado Wenceslao Borda.

"Al verificarse el despojo relacionado anteriormente, había dentro de la porción entregada al demandado Borda, cincuenta cuerdas aradas y en preparación para ser sembradas de caña, habiéndose gastado en dicho número de cuerdas unos quinientos dólares.

"Además, había veintitrés (23) cuerdas completamente preparadas y a punto de siembra con un gasto aproximado de seiscientos noventa (690) dólares. Estas veinte y tres (23) cuerdas iban a ser sembradas en la primavera de 1909 para ser recolectadas y molidas en 1910.

"Además, había en la parte de 'Las Lizas,' de que fueron despojados los demandantes, Rubert Hermanos, unas ciento cincuenta (150) cabezas de ganado, de crianza y de trabajo.

"*Décimotercero*. Que la parte de la hacienda 'Las Lizas' que ha sido detentada violentamente por los demandados a Rubert Hermanos, tiene aproximadamente una extensión de terreno como de doscientos treinta cuerdas, y colinda, al norte, con el Caño de Tiburones; al este con terrenos de Martín Zavala, antes de la Sucesión de Don

Miguel Gandía, y hoy detentados por los demandados al citado Martín Zavala; al sur en una línea quebrada con el resto de la hacienda 'Las Lizas'; y al oeste con el Caño de 'Vieques,' que la separa de la hacienda 'Monte Grande.' Esa porción de terreno vale veintidós mil ($22,000) dólares.

"*Décimocuarto.* La finca descrita en el párrafo décimotercero precedente y de la cual los demandados han despojado violentamente a los demandantes, en la forma relatada en el hecho décimo anterior, es y ha sido terreno desecado, firme y cultivado, parte con caña y parte a pasto desde hace más de 50 años.

"*Décimoquinto.* Ni Rubert Hermanos, los demandantes, ni ninguna de las personas que lo constituyen, han recibido ni del Pueblo de Puerto Rico ni de Don Wenceslao Borda, ni de los otros demandados, ni de persona ni de entidad alguna en su nombre o representación, pago, reparación o compensación alguna, ni por el terreno de que fueron violentamente despojados, ni por la posesión de él, ni por los gastos hechos para la preparación del terreno para la siembra, ni por los daños y perjuicios causados.

"*Décimosexto.* Rubert Hermanos continúan privados de la posesión de la porción de terrenos delimitada en el hecho décimotercero a pesar de haber pedido y reclamado su devolución al Pueblo de Puerto Rico y Wenceslao Borda, y se han visto privados de sembrar de cañas, según se proponían, la mitad de la finca de que violentamente han sido despojados, viéndose obligados a dejar de sembrar de cañas otras tierras para dedicarlas a pasto del ganado que tenían en la finca que ilegalmente poseen los demandados.

"*Décimoséptimo.* Los demandados poseen y utilizan ilegalmente desde el mes de diciembre de 1908, la porción que de 'Las Lizas' se describe en el hecho undécimo, sabiendo el mencionado Borda que tales terrenos no eran ni son del Pueblo de Puerto Rico.

"*Décimoctavo.* Los perjuicios ocasionados a Rubert Hermanos por el despojo de la porción de finca de que se ha hecho mérito están representados por la privación del uso y disfrute de dicha parcela desde el mes de diciembre de 1908, hasta que se les entregue; a razón de $20 anuales por cuerda por los daños y perjuicios sufridos al verse impedidos de sembrar de cañas la mitad de dicha finca, dejando de ganar el producto de las mismas durante el tiempo que los demandados continúen en posesión de ella; por los gastos hechos en la preparación de las 72 cuerdas que estaban listas para ser sembradas de caña en la primavera de 1909, cuyos perjuicios ascienden a veinticinco mil dólares hasta la fecha.

"Además, los demandantes alegan que los demandados son responsables, de daños ejemplares, por la cantidad de cincuenta mil ($50,000) dólares."

Concluye la demanda con súplica de que se dicte sentencia declarando:

"1. Que Rubert Hermanos es dueño de la porción de la hacienda 'Las Lizas' que se describe en el hecho décimotercero;

"2. Que tal parcela se entregue y ponga a la libre disposición de los demandantes;

"3. Que El Pueblo de Puerto Rico y Wenceslao Borda paguen solidariamente a los demandantes, como indemnización de perjuicios la suma de veinticinco mil ($25,000) dólares, y en concepto de daños ejemplares la cantidad de cincuenta mil ($50,000) dólares;

"4. Y que los demandados paguen todas las costas y gastos de este juicio.

"5. Y que asimismo los demandados Henry M. Hoyt y Lawrence H. Grahame son igualmente responsables en unión de los otros demandados del pago solidario de la suma de veinticinco mil ($25,000) dólares, que como indemnización de perjuicios se reclaman en el apartado '3' de esta súplica."

Como segunda causa de acción estableció la parte demandante los siguientes hechos:

"*Primero.* Que los demandados El Pueblo de Puerto Rico, Lawrence H. Grahame, extralimitándose éste en el ejercicio de sus funciones como Comisionado del Interior, y Wenceslao Borda por sí y por medio de sus empleados y agentes, con el consejo del demandado Henry M. Hoyt, que entonces era Attorney General de Puerto Rico, y éste sin autoridad para ello y con el fin de llevar a cabo un pretendido contrato de arrendamiento o concesión de terrenos públicos baldíos, con el otro demandado Wenceslao Borda, practicaron o hicieron practicar una mensura, deslinde y amojonamiento de la porción de la hacienda 'Lizas' descrita en el párrafo décimotercero de la primera causa de acción, o sea de una finca rústica compuesta de doscientas treinta cuerdas, más o menos, que colinda al norte con el Caño de Tiburones; al este con terrenos de Martín Zavala (antes de la Sucesión de Don Miguel Gandía y hoy detentados por los demandados al citado Martín Zavala); al sur con una línea quebrada

con el resto de la hacienda 'Las Lizas,' y al oeste con el Caño de
Vieques, que le separa de la hacienda Monte Grande.  Esta finca
así descrita es la misma que es objeto de reivindicación en la primera
causa de acción establecida en esta demanda.

"*Segundo*. Que el deslinde, mensura y amojonamiento relacionado
en el párrafo anterior fué llevado a cabo a fines del mes de diciembre de
1908 sin citación de los demandantes ni de sus agentes y representantes,
ni de Martín Zavala, ni de sus agentes y representantes, como actuales
colindantes de la finca deslindada, ni de conformidad con los títulos de
cada uno de los propietarios colindantes, sin ejercitar acción ni proce-
dimiento judicial alguno, ni cumpliendo con los requisitos que exigen
los artículos 392, 393 y 394 del Código Civil y 286 de la Ley de
Enjuiciamiento Civil, sino que por el contrario se practicó violenta-
mente con la ayuda de la policía insular y denunciando y procesando
ante los tribunales del distrito judicial de Arecibo a los agentes y
representantes de los demandantes y del colindante Martín Zavala,
que se opusieron a la forma en que se practicaba dicho deslinde; sin
que tampoco mediara requerimiento previo conforme a derecho.

"*Tercero*. Que por los medios relacionados anteriormente, los de-
mandados despojaron a Rubert Hermanos de la porción de la hacienda
'Las Lizas' relacionada precedentemente, incautándose violenta e
ilegalmente de la misma El Pueblo de Puerto Rico y haciendo entrega
material de la posesión de esa al demandado Wenceslao Borda,
habiendo procedido a colocar una cerca, sin la intervención de los
demandantes y contra la expresa voluntad de ellos, en la hacienda
de 'Las Lizas,' que, partiendo del oeste va en línea quebrada hasta el
este, divide la finca en dos, una al norte de la otra y tiene una superficie
aproximada de 230 cuerdas, cerrando con dicha cerca el perímetro de
la porción así usurpada en forma que la separa materialmente del
resto de la finca de que son dueños estos demandantes.

"Y en vista de esos hechos suplicaron a la corte dictara sentencia
final declarando que el deslinde practicado en el mes de diciembre de
1908, por orden de los demandados arriba relacionados, en la forma
en que cada uno de ellos ha intervenido, es nulo y sin efecto ni valor
alguno, por ser contrario a los preceptos legales vigentes en aquella
fecha, y como consecuencia de ello, que la posesión material del
terreno dada al demandado Wenceslao Borda, es asimismo nula y sin
efecto legal alguno, y que los demandantes Rubert Hermanos sean
puestos en inmediata posesión de la finca descrita en el hecho
'Primero' de esta segunda causa de acción, en tanto El Pueblo de
Puerto Rico o sus agentes procedan a un deslinde en forma legal

con citación buena y oportuna a los demandantes de intervenir en el mismo, según expresa la ley."

Los demandados, El Pueblo de Puerto Rico y Wenceslao Borda, contestaron la demanda enmendada en 26 de mayo de 1911, conjuntamente, alegando entonces como habían alegado antes al contestar la primitiva demanda, que El Pueblo de Puerto Rico no puede ser demandado sin su consentimiento, el que no ha prestado en el presente caso; y los demandantes desistieron de su acción en cuanto a los demandados Henry M. Hoyt y Lawrence H. Graham en 12 de junio siguiente, antes de procederse a la celebración del juicio, en cuya fecha con permiso de la corte presentó moción la representación de los demandados comparecientes, para que se dictara sentencia a su favor sobre los alegatos de la demanda en cuanto a la segunda causa de acción, a lo que accedió la corte, habiendo sido excepcionada esa resolución por la parte demandante.

Celebrado el juicio recayó sentencia en los términos al principio indicados y contra esa sentencia interpuso la representación de Rubert Hermanos recurso de apelación para ante esta Corte Suprema, pendiente de resolución después de haberse seguido los trámites legales.

Hay en el presente caso una cuestión previa a resolver, a saber: si esta corte tiene jurisdicción para conocer del asunto, no habiendo precedido el consentimiento del Pueblo de Puerto Rico para ser demandado.

Desde luego, dicha cuestión jurisdiccional en cuanto la demanda se dirige contra El Pueblo de Puerto Rico, ha sido resuelta por el Tribunal Supremo de los Estados Unidos al decidir en apelación el caso de *Rosaly* v. *El Pueblo,* 227 U. S., 270, por la que declaró, que El Pueblo de Puerto Rico no puede ser demandado sin su consentimiento.

No hay duda de que los procedimientos seguidos en el presente juicio contra El Pueblo de Puerto Rico por falta

de jurisdicción original de la corte de Arecibo y de esta Corte Suprema en grado de apelación, para decidir el caso por sus méritos, son nulos en cuanto al Pueblo de Puerto Rico, demandado.

Y ahora ocurre preguntar, ¿ha tenido la corte de Arecibo y tiene esta corte jurisdicción para decidir el caso en cuanto al demandado Wenceslao Borda?

Atendidas todas las circunstancias del caso la contestación tiene que ser negativa.

La acción ejercitada por Rubert Hermanos se encamina a obtener la reivindicación de una parcela de terreno que El Pueblo de Puerto Rico ha entregado a Wenceslao Borda y a obtener de éste y del Pueblo de Puerto Rico indemnización de daños y perjuicios.

La acción reivindicatoria afecta propiamente al Pueblo de Puerto Rico, quien en concepto de dueño de los terrenos de que se trata, los ha entregado a Wenceslao Borda para que los usufructúe en concepto de arrendatario; y siendo ello así, aunque se estimara que la parte demandante tiene derecho a la reivindicación, no podría llevarse a cabo por el demandado Borda, quien propiamente posee en nombre del Pueblo de Puerto Rico, sino que el mismo Pueblo de Puerto Rico era quien debía verificarla. Lo propio sucede con la indemnización reclamada de daños y perjuicios, de cuya indemnización como consecuencia de la detentación, sería también responsable en su caso El Pueblo de Puerto Rico y no Don Wenceslao Borda.

Si falta jurisdicción para declarar en perjuicio del Pueblo de Puerto Rico, según pretende el demandante, que los terrenos son de la propiedad de éste y para exigir en su consecuencia indemnización al mismo Pueblo de Puerto Rico, por los perjuicios causados a Rubert Hermanos con la detentación, también nos falta jurisdicción para hacer esa misma declaración con respecto a Borda aunque sea con la reserva de que no afecte al Pueblo de Puerto Rico, pues necesaria-

mente tendría que afectarle atendidas las circunstancias del caso.

Al ser acusada por Rubert Hermanos la rebeldía a Wenceslao Rorda por haber contestado la demanda el Attorney General de Puerto Rico y el abogado especial J. H. Brown en representación del demandado Borda, cuya representación impugnaba la parte demandante por estimarla ilegal, tanto el Attorney General de Puerto Rico como el agobado J. H. Brown, impugnaron la declaratoria de rebeldía entre otras razones, por las siguientes:

"*Primera.* Que el demandado Borda tiene en arrendamiento desde el año 1908 todos los terrenos del Caño de Tiburones colindando con la finca de la parte demandante objeto de este pleito y que hasta ahora sigue siendo arrendatario del Pueblo de Puerto Rico en cuanto a dichos terrenos.

"*Segunda.* Que el pleito de que se trata se dirigió también contra el demandado Borda en su concepto de arrendatario del Pueblo de Puerto Rico, en cuyo concepto poseía los terrenos en litigio.

"*Tercera.* Que El Pueblo de Puerto Rico tenía y tiene el deber de mantener a su dicho arrendatario Borda en posesión de los terrenos arrendados y defenderlo contra pleitos que origine tal contrato de arrendamiento y su posesión como arrendatario."

Las razones expuestas convencen de que la parte verdaderamente interesada de las demandadas en este litigio es El Pueblo de Puerto Rico y no Wenceslao Borda, y de que cualquiera resolución que pudiera dictarse favorable a la parte demandante y perjudicial a Borda, tendría que afectar al Pueblo de Puerto Rico.

Opinamos que si se elimina del presente pleito al Pueblo de Puerto Rico, la acción de la parte demandante no puede prosperar contra el demandado Borda.

Por los fundamentos expuestos procede declarar nulos los procedimientos seguidos por la Corte de Distrito de Arecibo a virtud de la demanda que originó el presente pleito, y nula también la sentencia apelada por falta de jurisdicción para conocer del caso, y reservar a la parte demandante los

derechos que la asistan, para que los ejercite en la forma legal correspondiente.

>*Anulados los procedimientos por falta de jurisdicción.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.