RUBERT HERMANOS, demandantes y apelantes, *v.* Los Herederos, Sucesores y Cesionarios desconocidos de WESCESLAO BORDA, demandados y apelados.

No. 4244.—*Sometido:* Noviembre 18, 1927. *Resuelto:* Marzo 19, 1929.

*Cayetano Coll y Cuchí* y *G. Cruzado Silva*, abogados de los apelantes; *J. H. Brown* y *C. Ruiz Nazario*, abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Esta es una apelación interpuesta por los demandantes contra sentencia recaída en un pleito establecido para recobrar la posesión de cierta finca rústica y para cobrar daños y perjuicios, radicado en 1925.

Los miembros que componen la sociedad civil agrícola Rubert Hermanos demandaron en este caso a los herederos desconocidos de don Wenceslao Borda, y habiendo comparecido varias personas como sus únicos herederos formularon contra la demandada las excepciones previas de defecto de partes demandadas por no haber sido hecho parte demandada El Pueblo de Puerto Rico, que se alega ser parte necesaria indispensable en este pleito, y por no aducir hechos determinantes de causa de acción. Sostuvo la corte de distrito ambas excepciones y concedió a los demandantes permiso para enmendar su demanda, pero habiendo solicitado la parte actora que dictase sentencia así lo hizo la corte inferior declarando sin lugar la demanda.

En la demanda se alega substancialmente que L. H. Graham, en su capacidad de Comisionado del Interior de Puerto Rico y en representación de El Pueblo de Puerto Rico, cedió en arrendamiento a don Wenceslao Borda la siguiente finca: "Todo el pantano no desecado y no cultivado en una parcela de terreno perteneciente a El Pueblo de Puerto Rico, situada en los distritos de Arecibo y Manatí, la cual propiedad se conoce con el nombre general de 'Caño o Laguna de los Tiburones,' a cuya parcela se le supone contener 6,000 acres más o menos, parte de la cual se encuentra bajo el agua. Entendiéndose expresamente que esta parcela de terreno sólo incluye los terrenos que son de la propiedad del Pueblo de Puerto Rico al tiempo de hacerse este arrendamiento, con los privilegios y pertenencias correspondientes a la misma.": que este contrato fué prorrogado por una Resolución Conjunta de la Asamblea Legislativa de

Puerto Rico aprobada el 11 de febrero de 1908, autorizando al Comisionado del Interior a prorrogarlo por 25 años más, a partir de dicha fecha: que en la fecha del contrato de arrendamiento a que se ha hecho referencia y en la de la aprobación de la Resolución Conjunta citada, los demandantes eran dueños en pleno dominio y estaban en la posesión de varias fincas que agrupadas formaban la siguiente: ''Rústica, ingenio de cañas dulces nombrado 'Las Lizas,' radicado en el barrio de Santana, del término municipal de Arecibo. Linda por el este, con terrenos de la sucesión de don Miguel Gandía, (hoy de don Martín Zabala); por el sur con terrenos de don Alejo Caballero (hoy de la sucesión Rivera y Agosto), de la sucesión de don A. A. Tejada, de doña Asunción Díaz (hoy de Rubert Hermanos) y con la Hacienda 'Claras;' por el oeste, con la hacienda 'Cambalache' y con la de 'Monte-Grande;' y por el norte, con el 'Caño de Tiburones.' Tiene la cabida según su inscripción primera en los nuevos libros del registro, setecientas ochenta y tres cuerdas, ochenta y ocho centésimas.'': que de acuerdo con la titulación de Rubert Hermanos dicha finca colinda por su parte norte con los terrenos pantanosos, no desecados ni cultivados, pertenecientes a El Pueblo de Puerto Rico, que fueron cedidos en arrendamiento a don Wenceslao Borda en la forma anteriormente mencionada: que allá por el mes de diciembre de 1908 Wenceslao Borda personalmente, acompañado de sus agentes y empleados y por el entonces Comisionado del Interior de Puerto Rico L. H. Graham, sus agentes y empleados, ilegal, maliciosa y voluntariamente, en contravención abierta de los términos del contrato de arrendamiento y de la resolución de prórroga a que se refiere la demanda, penetraron a la fuerza y contra la voluntad expresa de los demandantes en la finca de éstos antes descrita, y usando de fuerza y violencia se apoderaron de una parte de la misma, la cual puede describirse así: ''Extensión de terreno como de doscientas treinta cuerdas, sin que sea posible a los demandantes

fijar con exactitud su cabida porque los demandados se han negado a permitir el deslinde y mensura de dicha finca, y el Departamento del Interior ha rehusado certificar la cabida de la misma, y colinda al norte, con el caño de Tiburones; al Este, con terrenos de Martín Zabala, antes de la sucesión de don Miguel Gandía, y hoy detentados por los demandados al citado Martín Zabala; al sur con una línea quebrada con el resto de la hacienda 'Las Lizas;' y al oeste con el caño de Vieques, que la separa de la Hacienda 'Monte-Grande'.'': que al tiempo de ser privados los demandantes de la posesión de la descrita finca existía en ella un ferrocarril para conducir sus cañas y tierra preparada para ese cultivo: y que han sufrido daños y perjuicios ascendentes a $50,000. Por esas alegaciones solicitaron que se dictase sentencia condenando a los herederos de Borda a restituirles la posesión de la finca mencionada y a que les paguen la indicada cantidad más las costas.

Para sostener la corte inferior las excepciones alegadas contra la demanda se fundó en cuanto a la de defecto de parte demandada en que los hechos fundamentales de este pleito y los que fueron alegados en otro de Rubert Hermanos contra El Pueblo de Puerto Rico y don Wenceslao Borda, resuelto en junio 27 de 1913 y reportado en el tomo 19 D.P.R. 919, son substancialmente iguales a los del presente pleito, por lo que El Pueblo de Puerto Rico es parte necesaria en este pleito, según fué declarado en dicho caso. Y citando después el caso de *Fernández* v. *Pueblo,* 16 D.P.R. 574, y los artículos 462 y 1869 del Código Civil declaró con lugar en todas sus partes las excepciones previas alegadas por los demandados contra la demanda.

Los motivos de error alegados para sostener esta apelación son los siguientes:

"Primero.—La corte erró al declarar que El Pueblo de Puerto Rico es una parte necesaria e indispensable en este pleito y que debe ser hecho parte en el mismo.

"Segundo.—La Corte erró al declarar que los hechos fundamentales alegados en el pleito de Rubert Hermanos contra el Pueblo de Puerto Rico y otros, reportado en el tomo 19 D.P.R. 921, son los mismos que se alegan en este pleito.

"Tercero.—La corte erró al declarar con lugar las excepciones previas del demandado.

"Cuarto.—La corte erró al dictar una sentencia declarando sin lugar la demanda."

La demanda no contiene alegación alguna que haga referencia al pleito anteriormente mencionado, pero como la corte inferior y las partes se refieren a él, también lo haremos nosotros.

Los apelantes limitan la argumentación de los errores en su alegato a tratar el primer motivo de ellos, diciendo respecto de los otros tres que no cabe argumentación posible en cuanto al segundo motivo del recurso porque basta una simple comparación de las alegaciones de ambas demandas para llegar a la conclusión indefectiblemente de que los hechos fundamentales alegados en el caso que se cita y en el presente, y los errores tercero y cuarto, son consecuencia ineludible del primer error, y quedan sometidos. Sin embargo, los dos primeros motivos de error están tan íntimamente relacionados que a pesar de la manifestación de los apelantes que acabamos de transcribir en cuanto a los motivos segundo, tercero y cuarto de esta apelación, al argumentar los apelantes el primero de ellos mezclan también el segundo, pues comparan las alegaciones de ambas demandas para llegar a la conclusión de que no comprende cómo la corte inferior pudo estimar que las demandas son fundamentalmente iguales para declarar que El Pueblo de Puerto Rico es una parte necesaria en este pleito, diciendo los apelantes que en el pleito anterior Rubert Hermanos reivindicaban de El Pueblo de Puerto Rico y de don Wenceslao Borda la misma porción de terreno que en el presente

alegando que El Pueblo de Puerto Rico había colocado una empalizada en la hacienda "Las Lizas" propiedad de Rubert Hermanos a quienes desposeyó de una parte de su finca y la entregó a Borda, mientras que en el presente pleito lo que se alega es que Borda recibió de El Pueblo de Puerto Rico la finca que le cedió en arrendamiento, cuya propiedad a favor de El Pueblo de Puerto Rico no discuten, pero que al tomar posesión Borda de la finca arrendada penetró en la finca de los demandantes, que no estaba incluïda en el arrendamiento, y los privó de su legítima propiedad.

No resulta eso así de las demandas pues en la del anterior pleito se alegó que en diciembre de 1908 El Pueblo de Puerto Rico por medio del entonces Comisionado del Interior, de otras personas y con la cooperación del demandado Wenceslao Borda colocaron o hicieron colocar una empalizada en la finca "Las Lizas" de los demandantes, dividiéndola en dos y entregando la porción septentrional de ella a don Wenceslao Borda; y en la demanda del presente pleito se alega el arrendamiento que hizo El Pueblo de Puerto Rico de una finca suya a don Wenceslao Borda y se dice que Borda personalmente y acompañado por sus agentes, por el entonces Comisionado del Interior y por los agentes de éste, penetraron en la finca de los demandantes y se apoderaron de una parte de ella. De modo que en una demanda se dice que el Comisionado del Interior y Borda penetraron en la finca y se apoderaron de una parte de ella y en la otra se alega que Borda y el Comisionado del Interior se apoderaron de parte de la finca de los demandantes; diferenciándose las dos solamente en que en el primer pleito se dice que la porción ocupada en la forma dicha la entregó El Pueblo de Puerto Rico a Borda y en el actual no se dice qué hicieron Borda y el Comisionado del Interior con la porción así ocupada, no alegándose tampoco que esté en la posesión de los demandados. Por lo

expuesto, y teniendo en cuenta además que para una demanda contra los herederos de Borda por posesión indebida del terreno a que se hace referencia no era necesario alegar el arrendamiento hecho por El Pueblo de Puerto Rico a Borda ni la Resolución Conjunta autorizando la prórroga del contrato, llegamos a la conclusión de que ambas demandas son fundamentalmente iguales y que alegándose que Borda y El Pueblo de Puerto Rico se apoderaron de la porción de finca que es objeto del pleito, debe ser parte en este pleito El Pueblo de Puerto Rico, previo su consentimiento para ser demandado.

En cuanto a la excepción previa de falta de causa de acción no convenimos con los apelantes en que el haberla sostenido la corte inferior sea consecuencia de haber errado al estimar que las dos demandas son substancialmente iguales, pues aunque tal error existiera y aunque El Pueblo de Puerto Rico no sea una parte necesaria en este pleito, puede ser que la demanda no aduzca causa de acción contra los demandados; pero como los apelantes no tratan esta cuestión, prescindiremos de resolverla nosotros. Sin embargo, queremos decir en pocas palabras que según el artículo 462, No. 4, del Código Civil, el poseedor puede perder la posesión por la posesión de otro, aun contra la voluntad del antiguo poseedor, si la nueva posesión hubiese durado más de un año; y que según el artículo 1869, No. 1, del mismo código, prescribe por el transcurso de un año la acción para recobrar la posesión, por lo que habiendo transcurrido más de ese tiempo desde que la posesión fué perdida hasta la presentación de la demanda en este pleito, no existe la causa de acción ejercitada contra los demandados.

La sentencia apelada *debe ser confirmada.*

El Juez Asociado Sr. Wolf está conforme con la sentencia. El Juez Asociado Sr. Texidor no intervino. (Véase el prefacio)